UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEITH DRAKE, | : | |
| | : | Civil Action No. 15-2837 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM ORDER** |
| | : | |
| STEVEN JOHNSON, et al., | : | |
| | : | |
| Respondents. | : | |

The Court having reviewed Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 3), and it appearing that:

1. On April 20, 2015, Petitioner filed the instant petition for a writ of habeas corpus. (ECF No. 1).

2. On April 30, 2015, this Court administratively terminated the petition for failure to file on the correct form.  (ECF No. 2).

3. On May 18, 2015, Petitioner refiled his petition on the correct form.  (ECF No. 3).

4. This Court is required to preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Under this Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

5. In most cases, including this one, the one year statute of limitations applicable to petitions brought under § 2254 begins to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review including the

90-day period for filing a petition for writ of certiorari in the United States Supreme Court." *See Figueroa v. Buechele*, No. 15-1200, 2015 WL 1403829, at *2 (D.N.J. Mar. 25, 2015).

6. Petitioner was sentenced on March 9, 2007.  (ECF No. 3 at 1).  Petitioner appealed to the New Jersey Appellate Division, which affirmed his conviction but remanded for resentencing on October 27, 2008.  *See State v. Drake*, 2008 WL 4692384 (N.J. App. Div. 2008).  The New Jersey Supreme Court denied his petition for certification on January 22, 2009.  *State v. Drake*, 197 N.J. 477 (2009).  Petitioner was apparently thereafter resentenced on April 14, 2010.[1]  (ECF No. 3 at 2).  Petitioner does not appear to have appealed his resentencing.  The time for the making of such an appeal therefore expired on May 29, 2010, 45 days after his resentencing.  *See* N.J. Court R. 2:4-1.  Petitioner's statute of limitations thus began to run on May 29, 2010, when his resentencing became final.  *Figueroa*, 2015 WL 1403829 at *2.  The one year statute of limitations would therefore have run on May 29, 2011.

7. The statute of limitations period can be tolled by the filing of a valid state court post-conviction relief ("PCR") application.  *Id*.  Petitioner did not file his PCR application, however, until March 9, 2012.  (ECF No. 3 at 3).  As such, the statute of limitations appears to have run prior to the filing of the PCR, and any statutory tolling would therefore not benefit Petitioner.  As the statute of limitations appears to have already run prior to the filing of Petitioner's PCR application, this petition is time barred.

8. In his petition, Petitioner also indicates that he has a matter outstanding seeking to "correct an illegal sentence" before the New Jersey Appellate Division.  (ECF No. 3 at 12).

---

[1] It is not entirely clear whether the April 14 date is the date of the remand order or the date of Petitioner's resentencing.  Petitioner should clarify that point in responding to this Order.

2

Petitioner, however, does not specify the nature of this proceeding.

IT IS THEREFORE on this 20th day of May, 2015,

ORDERED that the Clerk of the Court shall RE-OPEN this case; and it is further

ORDERED that Petitioner shall show cause within thirty (30) days of the date of this Order why his petition for writ of habeas corpus should not be dismissed as untimely.   Failure by Petitioner to timely respond to this Order may result in the dismissal of his petition; and it is further

ORDERED that Petitioner will clarify in any response to this Order both the date of his resentencing and the nature of the proceeding currently before the New Jersey Appellate Division noted in his petition; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular U.S. mail.


    *s/ Susan D. Wigenton*
    Susan D. Wigenton, U.S.D.J.