UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEITH DRAKE, | : | |
| | : | Civil Action No. 15-2837 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM ORDER** |
| | : | |
| STEVEN JOHNSON, et al., | : | |
| | : | |
| Respondents. | : | |

The Court having reviewed Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 3), and it appearing that:

1. On May 20, 2015, this Court entered an order directing Petitioner to show cause why his petition should not be dismissed as untimely.  (ECF No. 4).

2. In the order to show cause, Petitioner was instructed to clarify for the court to the nature of the proceeding that is still pending before the New Jersey Appellate Division and the date of his last resentencing.  (ECF No. 4 at 2-3, 2 n. 1).

3. Following an order granting Petitioner an extension of time in which to respond (ECF No. 6), Petitioner filed a response to the order to show cause on June 26, 2015.  (ECF No. 7).

4. In his response, Petitioner states that he was last resentenced on February 17, 2011, and that the matter presently before the New Jersey Appellate Division is a challenge to his sentence claiming that he should not be subject to an 85% parole disqualifier.  (ECF No. 7 at 1-2). Petitioner does not, however, describe the nature of the proceeding, i.e. whether it arises out of a direct appeal of his February 17, 2011, resentencing or out of a petition for post-conviction relief. As such, this court cannot determine whether Petitioner's current habeas petition is untimely

1

without further clarification.[1]

IT IS THEREFORE on this 3rd day of August, 2015,

ORDERED that the Clerk of the Court shall serve a copy of the Petition and this Order upon Respondents Steven Johnson and the Attorney General of New Jersey by regular mail, with all costs of service advanced by the United States; and it is further

ORDERED that Respondents shall file a limited answer to the petition, addressing only the issue of the statute of limitations; and it is further

ORDERED that Respondents shall include, with respect to the statute of limitations, relevant legal arguments with citations to appropriate legal authority; and it is further

ORDERED that Respondents shall electronically file the answer; and it is further

ORDERED that Petitioner may file and serve a reply to the answer within 30 days after Respondents file the answer, see Rule 5(e) of the Rules Governing § 2254 Cases; and it is further

---

[1] If Petitioner's matter before the Appellate Division is not a direct appeal of his sentence, then his conviction became final on April 3, 2011, 45 days after his final resentencing which Petitioner apparently did not appeal. *See Figueroa v. Buechele*, No. 15-1200, 2015 WL 1403829, at *2 (D.N.J. Mar. 25, 2015); N.J. Court R. 2:4-1. In such a case, all but 25 days of Petitioner's one year limitations period would have elapsed prior to Petitioner's filing of his PCR petition on March 9, 2012. (ECF No. 3 at 3). As more than 25 days elapsed between the New Jersey Supreme Court's October 9, 2014, denial of certification as to Petitioner's PCR petition and the filing of Petitioner's habeas petition on or about April 20, 2015, the one year period appears to have run prior to the filing of the habeas petition. If, however, Petitioner's pending appeal *is* a *timely* direct appeal of his resentencing which has not yet been heard, Petitioner's original conviction would not yet be final and his habeas petition could therefore be timely.

ORDERED that the Clerk of the Court shall serve this Order on Petitioner by regular mail.


    *s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge

3