***NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEITH DRAKE, | : | |
| | : | Civil Action No. 15-2837 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| STEVEN JOHNSON, et al., | : | |
| | : | |
| Respondents. | : | |

**WIGENTON,** District Judge:

Presently before the Court is Petitioner Keith Drake's amended petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 challenging his state court conviction.  (ECF No. 3). On May 20, 2015, this Court ordered Petitioner to show cause why his petition should not be dismissed as untimely (ECF No. 4).   Following Petitioner's filing of a response to that order (ECF No. 7), this Court ordered Respondents to file a limited answer as to timeliness on August 3, 2015. (ECF No. 8).   Following an extension, Respondents filed their limited answer.  (ECF No. 13). Petitioner did not file a reply brief.   For the following reasons, this Court will dismiss Petitioner's petition as time barred.

**I. BACKGROUND**

Following his conviction for sexual assault in the New Jersey Superior Court, Petitioner was sentenced on March 9, 2007.  (ECF No. 3 at 1).   Petitioner appealed his conviction, and the New Jersey Appellate Division affirmed Petitioner's conviction, but remanded Petitioner's matter

1

for resentencing in October 2008. (Document 7 attached to ECF No. 13). Petitioner filed a petition for certification, but the New Jersey Supreme Court denied certification on January 22, 2009. *See State v. Drake*, 197 N.J. 477 (2009). On January 29, 2009, Petitioner was resentenced. (Document 8 attached to ECF No. 13). Petitioner filed an appeal of his resentencing in June 2009. (Document 9 attached to ECF No. 13). On or about June 20, 2009, Petitioner filed a petition for post-conviction relief. (Document 10 attached to ECF No. 13). That petition, however, was dismissed without prejudice on July 15, 2009, because his direct appeal of his sentence was still pending. (Document 11 attached to ECF No. 13). Following oral argument on his appeal, the Appellate Division again remanded Petitioner's case for resentencing on April 14, 2010. (Document 12 attached to ECF No. 13). Petitioner was resentenced for the final time on February 17, 2011. (Document 13 attached to ECF No. 13). Petitioner did not appeal his February 2011 resentencing.

Petitioner thereafter filed a petition for post-conviction relief on March 9, 2012. (Document 15 attached to ECF No. 13). On August 31, 2012, the Superior Court denied Petitioner's petition for post-conviction relief. (Document 16 attached to ECF No. 13). Although Petitioner ultimately did file an appeal of that order, Petitioner did not file his notice of appeal until December 19, 2012. (Document 17 attached to ECF No. 13). The Appellate Division denied Petitioner's appeal on the merits on April 24, 2014, and the New Jersey Supreme Court denied certification on October 9, 2014. (Documents 18-19, 21 attached to ECF No. 13).

On July 16, 2014, Petitioner filed a motion to correct an illegal sentence in the trial court arguing that his extended term sentence was illegal under New Jersey law. (Document 20

2

attached to ECF No. 13).  The trial court denied Petitioner's motion on October 28, 2014.[1] (Document 22 attached to ECF No. 13).  Petitioner thereafter filed an appeal of the motion to correct sentence.  Following an initial argument during a sentencing calendar, the Appellate Division ordered that the matter be briefed on June 1, 2015.  (Document 24 attached to ECF No. 13).  The Appellate Division affirmed the denial of Petitioner's motion to correct sentence in a precedential opinion on February 24, 2016.  *See State v. Drake*, --- A.3d ---, ---, 2015 WL 10350178 (N.J. App. Div. 2016).  It is unclear whether Petitioner has filed a petition for certification as to his motion to correct his sentence.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court.  *See Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013); *see also Parker v. Matthews*, --- U.S. ---, ---,132 S. Ct. 2148, 2151 (2012).  Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great

---

[1] It appears that the trial court initially denied Petitioner's motion after construing it as a petition for post-conviction relief.  (*See* Document 22 attached to ECF No. 13 at 7).  That denial was vacated by the trial court's order and opinion which reconstrued the motion as a motion to correct an illegal sentence, however, and the trial court clearly reconstrued the motion as a motion to correct an illegal sentence under N.J. Court Rule 2:10-3 in its October 2014 order.

3

deference to the determinations of the state trial and appellate courts.  *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).  Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).  This Court is required to preliminarily review all habeas petitions pursuant to Rule 4 of the Rules Governing Section 2254 Cases and determine whether they "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Under the Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**B.  Analysis**

Petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 are subject to AEDPA's one year statute of limitations.  *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013).  In most cases, including this one, that limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.*  Petitioner's final resentencing was held on February 17, 2011.  Petitioner did not appeal that resentencing, and his conviction therefore became final 45 days later on April 3, 2011. *See Figueroa v. Buechele*, No. 15-1200, 2015 WL 1403829, at *2 (D.N.J. Mar. 25, 2015); N.J.

Court R. 2:4-1(a). Petitioner's one year limitations period thus began to run as of April 4, 2011.

The AEDPA limitations period, however, is subject to both statutory and equitable tolling. Under the statute, the AEDPA limitations period is automatically tolled during the period where a petitioner has a properly filed PCR petition pending before the state courts. *See, e.g., Figueroa*, 2015 WL 1403829 at *2. A properly filed PCR petition remains pending following an adverse determination by the PCR trial court until the time during which he could file a direct appeal in the state courts has run. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). Although the "time that an application for state post conviction review is 'pending' includes the period between . . . a lower court's adverse determination, and . . . the prisoner's filing of a notice of appeal," where a petitioner fails to file a timely notice of appeal, the petition is not pending between the expiration of the time in which the prisoner could file a timely direct appeal and the date on which he files an untimely notice of appeal, even where the appellate court ultimately decides to consider the untimely appeal on the merits. *See Evans v. Chavis*, 546 U.S. 189, 191-97 (2006).

Here, Petitioner filed his petition for post-conviction relief on March 9, 2012. At that point, only 25 days of Petitioner's one year AEDPA limitations period remained. The PCR trial court denied Petitioner's petition on August 31, 2015. Petitioner's PCR petition remained pending for forty-five days thereafter until the conclusion of the period during which he could have timely filed a notice of appeal to the Appellate Division. *Swartz*, 204 F.3d at 420-24; N.J. Court R. 2:4-1(a). That 45 days elapsed as of October 15, 2012. Petitioner did not file his notice of appeal on his PCR petition until December 19, 2012, some 65 days later. Thus, because Petitioner did not file his notice of appeal within the time permitted by statute, his petition was not "pending" during the time period between October 15, 2012, when that time to file a timely direct appeal had

run, and December 19, 2012, when Petitioner filed his notice of appeal. *Evans*, 546 U.S. at 191-97; *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85-86 (3d Cir. 2013); *Webster v. Ricci*, No. 10-5460, 2013 WL 3223627, at *5 (D.N.J. June 25, 2013). As such petitioner's entire one year limitations period had run prior to Petitioner's late filing of a notice of appeal on his PCR petition.

Because sixty five days of the AEDPA one year period elapsed between the end of the time period during which he could timely appeal the denial of his PCR petition and the date on which he filed his notice of appeal, Petitioner exceeded the one year limitations period by approximately forty days, and his habeas petition would therefore be untimely absent some form of equitable tolling. Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To receive the benefit of equitable tolling, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)).

Here, Petitioner has been provided two opportunities to argue any basis for equitable tolling which may apply to his case – his response to the order to show cause, and any reply brief responding to Respondents' limited answer. In his response to the order, Petitioner raised no basis for equitable tolling, and Petitioner chose not to file a reply to Respondents' limited answer. As such, Petitioner has argued no basis for equitable tolling. Based on the record currently available, this Court perceives no basis for equitable tolling as there do not appear to have been any extraordinary circumstances which stood in the way of Petitioner's ability to file a petition for a

writ of habeas corpus with this Court.  As Petitioner has not shown any basis for equitable tolling, and this Court perceives none, Petitioner's petition must be dismissed as time-barred.

### III.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state court proceeding unless he has "made a substantial showing of the denial of a constitutional right."  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because jurists of reasons would not disagree with this Court's finding that Petitioner's petition is time barred and that Petitioner has failed to provide any basis for a finding of equitable tolling, and because Petitioner has therefore not shown that his claims are sufficient to warrant encouragement to proceed further, this Court shall deny Petitioner a certificate of appealability.

### IV. CONCLUSION

For the reasons stated above, Petitioner's petition for a writ of habeas corpus is DISMISSED as time barred, and Petitioner is DENIED a certificate of appealability.  An appropriate order follows.

Date: March 18, 2016

    *s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge